**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOEL RAMIREZ-CERVANTES, | No.    20-70772 |
| Petitioner, | Agency No. A205-156-092 |
| v. |  |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2022[**]
San Francisco, California

Before:  BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Petitioner Joel Ramirez-Cervantes is a citizen of Mexico. He petitions for review of the Board of Immigration Appeals' ("BIA") denial of his (1) motion to remand and (2) application for various forms of immigration-related relief. We deny the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ramirez-Cervantes most recently came to the United States unlawfully in 1994. He received a Notice to Appear from the Department of Homeland Security in 2012, admitted the allegations contained therein, and conceded removability. After receiving testimony and other evidence and deeming Ramirez-Cervantes credible, the immigration judge denied Ramirez-Cervantes' requests for asylum, withholding or deferral of removal, protection under the Convention Against Torture, and voluntary departure.

Ramirez-Cervantes appealed the immigration judge's decision and filed two motions: (1) a motion to terminate the proceedings that asserted that the immigration court lacked jurisdiction under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and (2) a motion to remand that asserted that his daughter had been born following his immigration hearing, and thus he should be allowed to (a) introduce new evidence regarding the hardship she would suffer if he were deported; and (b) apply for cancellation of removal since she could serve as a qualifying relative. The BIA adopted and affirmed the immigration judge's decision and denied the two motions. It also held that Ramirez-Cervantes had waived his claim for protection under the Convention Against Torture.

Ramirez-Cervantes timely filed a petition for review in this court. He states that the BIA erred in denying the motion to remand by (1) ignoring evidence offered about his daughter's mother's mental health issues; (2) failing to analyze

2

the hardship his daughter would face if he were deported; (3) requiring that Ramirez-Cervantes show that his daughter potentially had serious health issues or compelling educational special needs to qualify for cancellation of removal; and (4) failing to assess the cumulative hardship that would result from Ramirez-Cervantes' deportation. Ramirez-Cervantes also argues that the BIA erred in assessing his requests for immigration relief by failing to characterize his opposition to cartels and corrupt police as a political opinion and to recognize his proffered particular social group. Ramirez-Cervantes does not challenge the denial of his motion to terminate proceedings based on the *Pereira* jurisdictional argument, nor the determination that he waived his claim under the Convention Against Torture.

1. **The Motion to Remand**

We review the BIA's denial of a motion to remand for abuse of discretion. *See Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). The BIA abuses its discretion if its decision is "arbitrary, irrational, or contrary to law." *Lopez-Galarza v. INS*, 99 F.3d 954, 960 (9th Cir. 1996) (quoting *Padilla-Agustin v. INS*, 21 F.3d 970, 973 (9th Cir. 1994)). A movant must satisfy the "'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992)). The

3

relief Ramirez-Cervantes seeks here—cancellation of removal—requires a showing of (1) ten years of continuous physical presence in the United States prior to the application for cancellation of removal, (2) good moral character, (3) the absence of disqualifying criminal convictions, and (4) exceptional and extremely unusual hardship to a qualifying relative resulting from the removal. 8 U.S.C. § 1229b(b)(1); *Vasquez-Lopez v. Ashcroft*, 343 F.3d 961, 970 (9th Cir. 2003).

Here, the BIA did not abuse its discretion in holding that Ramirez-Cervantes has not satisfied his burden as to this four-element standard. Regarding the fourth element—that removal would result in exceptional and extremely unusual hardship to a qualifying relative—while Ramirez-Cervantes' partner and daughter likely have a difficult life that will be made even more difficult if Ramirez-Cervantes is removed, the BIA reasonably concluded that Ramirez-Cervantes had not shown that this difficulty, though great, was exceptional. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) ("[T]he hardship . . . must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country."); *see also Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010) (noting that the "'exceptional and extremely unusual hardship' standard is a very demanding one" and concluding that the BIA did not abuse its discretion in determining that the petitioners' proffered evidence was insufficient to warrant reopening). Because the failure to satisfy this element is dispositive as to this issue,

4

we do not address the other elements.

## 2. The Request for Asylum and Withholding of Removal

If the agency was not presented with an issue during administrative proceedings, we lack jurisdiction to review the issue. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010); *Vargas v. U.S. Dep't of Immigr. & Naturalization*, 831 F.2d 906, 907–08 (9th Cir. 1987). If the agency was presented with an issue and made factual findings, we review these findings for substantial evidence. *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996). Under this standard, we may reverse the BIA only if the applicant shows that the evidence presented compels the conclusion that the BIA's decision was incorrect. *Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011).

Ramirez-Cervantes argues that he had based his request for immigration relief on a fear of persecution rooted in a political opinion and that the immigration judge erred by failing to address this issue. But the record confirms that Ramirez-Cervantes did not present to the agency a claim for relief based on a political opinion. Though he checked the political opinion box on his application for relief, his testimony before the immigration judge made no reference to a political opinion. His brief before the BIA likewise failed to raise a claim of persecution based on political opinion. Because this issue was not exhausted before the agency, we lack jurisdiction to consider it.

5

Ramirez-Cervantes also argues that he merits relief based on his fear that he will be targeted in Mexico because of his membership in his family and his perceived wealth after living in the United States. Specifically, Ramirez-Cervantes testified about two violent incidents involving his cousins. But there is not any evidence that these acts were based on the cousins' family membership. Neither Ramirez-Cervantes nor his family in Mexico have been threatened or harmed in the decade since the two incidents, suggesting that family membership was not the motivating reason. Substantial evidence thus supports the agency's finding that his cousins were not targeted based on their family membership, and Ramirez-Cervantes's brief in this court does not meaningfully challenge the agency's finding that his fear of harm in Mexico lacked a nexus to any of his proposed social groups. The record does not contain direct or circumstantial evidence compelling conclusions contrary to those reached by the BIA.

The petition is DENIED.